## American Steam Specialty Corp. v. Raub Supply Co.

*Statement—Sufficiency of—Practice—Amendment—Sale—Freight.*

1. In an action for the price of merchandise sold and delivered, a statement is insufficient, and will be stricken off, which avers that the plaintiff wrote to the defendant that he would enter the order to be shipped f. o. b. New York unless he heard to the contrary, but failed to state whether or not the original order was in writing or whether or not the defendant replied and what was the reply.

2. While, ordinarily, in an action on a book account for goods sold and delivered the statement need not aver whether or not the contract was in writing, it should so aver under the circumstances of this case.

3. Where it would complicate matters to permit an amendment, a defective statement should be stricken off, so that a new one may be filed.

Rule to strike off plaintiff's statement. C. P. Lancaster Co., May T., 1925, No. 55.

*Charles G. Baker,* for rule; *L. R. Geisenberger,* contra.

HASSLER, J., Nov. 14, 1925.—We are asked to strike off the plaintiff's statement in this case. Section 21 of the Act of May 14, 1915, P. L. 483, provides that the court may strike from the record a pleading which does not conform to the provisions of the act, and allow an amendment or new pleading to be filed on such terms as it may direct. Seven reasons are given why the plaintiff's statement should be stricken from the record. Some of them are without merit and will not require consideration.

It appears in plaintiff's statement that it sold to the defendant merchandise which was charged in its books and for which the defendant paid. The plaintiff in its statement also claims that the defendant was to pay the freight under the terms of the contract between it and the defendant. It avers that upon receiving an order for the goods the plaintiff replied by letter on Dec. 2, 1924, in which it stated, among other things: "We are filling this order with the understanding that the prices of the same are to be f. o. b. New York City, and unless we hear from you to the contrary, we will enter this order accordingly." It does not appear in the statement that the order for the goods was in writing, or whether the plaintiff heard from the defendant in reply to its conditional acceptance contained in the letter quoted. If no such reply was made, the statement should say so. If a reply was made, the statement should say so and whether it was in writing, and, if so, attach a copy of it to the statement. While in an action on a book account for goods sold and delivered the statement need not aver that the contract was in writing, we think that, under the circumstances of this case, the plaintiff should state whether it was or not. As it will complicate matters to permit an amendment of this statement, we will make absolute the rule to strike it off, so that a new statement may be filed containing these necessary averments. We do not think that there is any merit in the third, fourth, fifth, sixth or seventh reasons, some of which are based on an erroneous statement of the facts.

Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.